875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Denton BUSH, Defendant-Appellant.
 No. 88-5903.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, CELEBREEZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant, Carl Denton Bush ("Bush"), appeals from the judgment of the district court revoking his probationary sentence and sentencing him on the original charge of his indictment for possession, with intent to distribute, cocaine to a minor, in violation of 21 U.S.C. Sec. 841(a), 845(a). Bush argues that what purported to be a suspension of the imposition of sentence was actually an imposed sentence, and that, therefore, subsequent sentencing constituted an enhancement of his original sentence, placing him twice in jeopardy. For the reasons set forth below, we affirm.
 
 
 2
 Bush was convicted, after trial by jury, of the original charge of violating 21 U.S.C. Sec. 841(a), 845(a) on April 4, 1986.[1] A sentencing hearing was held on June 13, 1986, when the district court suspended the imposition of sentence and placed Bush on probation for three years. In addition, the district court imposed two special conditions of probation: (1) That Bush spend thirty days in a half-way house, being allowed to leave for employment but being confined at all other times; and (2) that Bush not violate any state or federal laws.[2]
 
 
 3
 Evidence that Bush was again engaged in criminal activity[3] resulted in the probation revocation proceedings which led to the present appeal. On July 15, 1988, following the hearing of evidence on June 17 and July 14 concerning Bush's criminal activities, the district court revoked Bush's probation and sentenced him to fifteen months of imprisonment and a six year special parole term. This appeal followed.
 
 
 4
 Bush's argument on appeal is that, despite the clear intention of the district court to suspend the imposition of sentence with conditions of probation pursuant to 18 U.S.C. Sec. 3651--as demonstrated by the unequivocal language used by the district court at sentencing and in the Judgment and Commitment Order concerning the original conviction[4]--the district court actually imposed a sentence of three years and one month (one month of confinement in a halfway house with three years of probation to follow) pursuant to other provisions of the same statute. Therefore, Bush maintains, the subsequent sentence constitutes an enhancement of his original sentence in violation of the prohibition against being placed in double jeopardy.
 
 
 5
 18 U.S.C. Sec. 3651 provides, in full, that:
 
 
 6
 Sec. 3651. Suspension of sentence and probation
 
 
 7
 Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.
 
 
 8
 Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.
 
 
 9
 Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.
 
 
 10
 The court may revoke or modify any condition of probation, or may change the period of probation.
 
 
 11
 The period of probation, together with any extension thereof, shall not exceed five years.
 
 
 12
 While on probation and among the conditions thereof, the defendant--
 
 
 13
 May be required to pay a fine in one or several sums; and
 
 
 14
 May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; and
 
 
 15
 May be required to provide for the support of any persons, for whose support he is legally responsible.
 
 
 16
 The court may require a person as conditions of probation to reside in or participate in the program of a residential community treatment center, or both, for all or part of the period of probation: Provided, That the Attorney General certifies that adequate treatment facilities, personnel, and programs are available. If the Attorney General determines that the person's residence in the center or participation in its program, or both, should be terminated, because the person can derive no further significant benefits from such residence or participation, or both, or because his such residence or participation adversely affects the rehabilitation of other residents or participants, he shall so notify the court, which shall thereupon, by order, make such other provision with respect to the person on probation as it deems appropriate.
 
 
 17
 A person residing in a residential community treatment center may be required to pay such costs incident to residence as the Attorney General deems appropriate.
 
 
 18
 The court may require a person who is an addict within the meaning of section 4251(a) of this title, or a drug dependent person within the meaning of section 2(q) of the Public Health Service Act, as amended (42 U.S.C. 201), as a condition of probation, to participate in the community supervision programs authorized by section 4255 of this title for all or part of the period of probation.
 
 
 19
 The defendant's liability for any punishment (other than a fine) imposed as to which probation is granted, shall be fully discharged by the fulfillment of the terms and conditions of probation. If at the end of the period of probation, the defendant has not complied with a condition of probation, the court may nevertheless terminate proceedings against the defendant, but no such termination shall affect the defendant's obligation to pay a fine imposed or made a condition of probation, and such fine shall be collected in the manner provided in section 3565 of this title.
 
 
 20
 Bush bases his argument on paragraph two of Sec. 3651, which governs the suspension of the execution of a sentence. However, the clear language of the statute allows a district court to both suspend the imposition of sentence, imposing probation upon such terms and conditions as the court deems best (paragraph one), and require the defendant, as a condition of probation, to reside in a "residential community treatment center" (paragraph seven), which is precisely what occurred here.[5] This requirement, if imposed, is not the equivalent of confinement in a "jail-type institution or a treatment institution" provided for in paragraph two as a prelude to the suspension of the remainder of a sentence, and nothing in Sec. 3651 suggests that its inclusion in a probation order means that a sentence was actually imposed pursuant to paragraph two. Thus, because the imposition of Bush's sentence was suspended, no double jeopardy violation occurred when sentence was imposed subsequent to the revocation of his parole.
 
 
 21
 Accordingly, for the foregoing reasons, the judgment is AFFIRMED.
 
 
 
 [1]
 The conviction was affirmed by this court on May 20, 1987. United States v. Bush, No. 86-5883
 
 
 [2]
 In imposing this special condition, the district court noted that Bush was an "admitted professional gambler." Transcript of June 15, 1986, Hearing at 10
 
 
 [3]
 The evidence indicated that Bush had continued his involvement in illicit gambling
 
 
 [4]
 At the conclusion of the original sentencing hearing, the district court addressed Bush, in relevant part, as follows:
 * * *
 I am going to suspend imposition of sentence, place him on probation for a period of three years, with one special condition, that he spend thirty days in a halfway house.
 The presentence report is a little bit--apparently, Mr. Bush took the position he has employment now. If he has legitimate employment, he can certainly continue that. It is not my intention to let him continue to be a professional gambler while he is in the halfway house, but if he has a legitimate job, he can, of course, leave the halfway house to go to that. The probation officer indicated she had been unable to identify that, but in any event, if it turns out there is such employment.
 Mr. Bush, this type treatment in connection with a drug related offense is definitely for somebody who is in trouble for the first time in this kind of situation; also, for somebody with respect to whom there is not any indication that it is an ongoing thing. During the probationary period, of course, it is going to be incumbent upon you to stay out of trouble, keep your life straight. A condition of your probation is going to be, and you come in as an admitted professional gambler, and that doesn't have anything to do with this offense, but a condition of your probation is going to be you not violate any state or federal laws, and you are going to have to, I think, make up your own mind that you are going to stay out of trouble of all types, because I don't think that a judge would in the future give you probation another time, and secondly, I don't want to see you back here on a probation violation matter, so I just say that word to you about your conduct during your probationary period.
 
 
 [5]
 Indeed, under the plain language of the statute, the district court could impose a sentence, suspend the execution of part of that sentence, and require residence in a "residential community treatment center" as part of the probationary period following the period of actual incarceration